# United States Court of Appeals
# for the Fifth Circuit

---

No. 20-30352
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2020

Lyle W. Cayce
Clerk

Tammi Ladner,

*Plaintiff—Appellant*,

*versus*

Walmart, Incorporated,

*Defendant—Appellee*.

---

Appeal from the United States  District Court
for the Eastern District of Louisiana
No. 2-18-CV-10067

---

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Tammie Ladner, a Walmart employee, alleges that, after she reported that another employee had sexually harassed her, an unrelated group of unidentified employees retaliated by deliberately making fecal messes in the restrooms that she was required to clean.  But Ladner has no evidence that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30352

that campaign of "fecal harassment" was connected in any way to her reporting the sexual harassment. Therefore, we affirm summary judgment.

I.

Ladner worked as a maintenance associate at a Walmart from 2011–2017, then transferred to another store. Part of her job was cleaning the restrooms, which she did without incident until 2014, when an employee named Harry Masson began sexually harassing her by inappropriately brushing by her and touching her backside.

Ladner claims she reported Masson's harassment to Albert Hevener, who was both her significant other and her supervisor. Ladner additionally contends that she later reported the harassment to Ned DiGiovanni, an hourly supervisor in Masson's department, and requested that he inform the store manager.[1] Finally, Ladner alleges that she eventually reported Masson's behavior to management.[2] Walmart has no record of any of the alleged complaints. But we assume for purposes of Walmart's summary judgment motion that at least one of those purported reports made management aware of Ladner's harassment allegations.

A few months after one of those reports, Ladner saw Masson go into a back office with a few unidentified floor managers. She does not know what they discussed, but she saw Harry exit the meeting with a "you-can't-smile-

---

[1] DiGiovanni denied that Ladner ever complained to him about Masson's behavior. For purposes of Walmart's summary judgment motion, however, we assume that she did.

[2] It's unclear which manager, specifically, Ladner alleges she reported the harassment to. In her deposition, she claimed to have reported it to Steve LeBlanc, but he transferred from the store in 2013, before Ladner alleges the harassment took place. Later in her deposition, she claims she reported it to Lacey McGuire, the manager who, she alleges, replaced LeBlanc. For purposes of Walmart's summary judgment motion, we assume she informed at least one manager.

No. 20-30352

big-enough, hee-hee-hee look on his face."

Ladner alleges that, within a week of that meeting, she began facing retaliatory harassment. Specifically, she "began to notice deliberately smeared fecal messes" in some of the restrooms and posits that other employees were responsible. The messes initially started happening in the women's restroom. Ladner avers that she saw a group of women[3] who, she believed, worked in the fitting room, pick up rubber gloves, head toward a restroom, and return with smiles, announcing that someone had made a mess. Ladner alleges she would then find feces smeared in various places and the gloves in the bathroom garbage with feces on them. She reports that others who looked at the messes agreed they seemed deliberate. After a while, Ladner reports that she no longer saw those women and that, for a time, the fecal messes slowed down, but did not stop. Approximately 6–8 months later, Ladner began noticing messes in the men's restroom. She asserts that they were made by employees who worked in unloading.

Other employees' statements indicate that fecal messes seem to be an unfortunate reality of the bathrooms at that store. During Ladner's tenure, the messes also happened while other maintenance employees were sched-uled to clean the bathrooms. And similar messes occurred both before Lad-ner began working there and after she transferred. Ladner does not deny this but asserts that the messes increased in frequency and magnitude in the years following her reporting Masson's alleged sexual harassment.

## II.

Ladner sued, claiming the messes were retaliation for her reporting sexual harassment. Following discovery, Walmart moved for summary judg-

---

[3] Ladner is unable to identify the women, claiming that they would hide their name tags from her.

ment. It denied that the fecal messes could be attributed to it and contended that it did not take any adverse employment action against Ladner but instead gave her annual positive evaluations and raises. The district court granted summary judgment on the ground that Ladner had not established two elements of a *prima facie* case: an adverse employment action and a causal connection. Ladner appeals.

### III.

Title VII "prohibits an employer from discriminating against an employee . . . because that individual . . . made a charge, testified, assisted, or participated in a Title VII proceeding or investigation." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006) (cleaned up). Where the retaliation claim is "based on circumstantial evidence, we apply the *McDonnell Douglas* framework." *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *McDonnell Douglas* provides a three-step framework for analyzing retaliation claims. First, plaintiff must "establish a *prima facie* case of unlawful retaliation." *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000). Second, if the plaintiff does so, the employer must then "articulate a legitimate, non-discriminatory reason" for its actions. *Id.* If it does so, the plaintiff must prove that the proffered reason was "a pretext for unlawful retaliation." *Id.* The district court considered only whether Ladner established a *prima facie* case, so we limit our review to the first step.

The *prima facie* case for retaliation under Title VII has three elements. The plaintiff must show that "(1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action." *Brown*, 969 F.3d at 577 (internal quotation marks omitted). Because Ladner cannot show a causal connection, we discuss only that element.

No. 20-30352

To establish a causal connection, "the evidence must show that the employer's decision to [take adverse action] was based in part on knowledge of the employee's protected activity." *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998). Ladner has no evidence that the unidentified employees who she alleges made the fecal messes had any knowledge of her reporting the sexual harassment. She acknowledges that neither the "fitting room ladies" nor the "unloaders" knew her or Harry. She also has "no idea" whether any manager told the employees allegedly making the messes about her sexual harassment complaint. The only evidence she can point to is Harry's smile after the meeting with management, even though she admittedly has no knowledge of what they discussed.

Ultimately, Ladner hinges causation on the temporal proximity between Harry's meeting with the floor managers and the fitting room ladies' beginning to make fecal messes. She alleges that it started within a week. It is true that "temporal proximity between protected activity and alleged retaliation is sometimes enough to establish causation at the prima facie stage." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 948 (5th Cir. 2015).[4] But, for two reasons, the timeline does not establish causation.

---

[4] The district court erred in stating that temporal proximity can never be sufficient to establish causation. That error is understandable, however, given the seemingly contradictory caselaw. The cases, however, are not contradictory, and we take this opportunity to reiterate the clarification we provided in *Brown*. At the first step of the *McDonnell Douglas* analysis, to establish a *prima facie* case, "a plaintiff can meet his burden of causation simply by showing close enough timing between his protected activity and his adverse employment action." *Brown*, 969 F.3d at 578 (quoting *Garcia v. Prof'l Contract Servs., Inc.*, 938 F.3d 236, 243 (5th Cir. 2019)). At the third step of *McDonnell Douglas*, where a plaintiff must show a defendant's neutral explanation was pretext, however, temporal proximity is "relevant to, but not alone sufficient" to prevail. *Id.* at 579 (citing *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007)).

First, temporal proximity is only "*sometimes* enough to establish causation." *Id.* (emphasis added). It is not the case that temporal proximity, even a very close one, establishes causation as a rule. To the contrary, "even at the prima facie stage, temporal proximity can only establish a causal link when it is connected to the decision maker's knowledge of the protected activity." *Thompson v. Somervell Cty., Tex.*, 431 F. App'x 338, 342 (5th Cir. 2011) (per curiam). Ladner has no evidence that the employees allegedly making the fecal messes had any knowledge of her reporting the sexual harassment. Therefore, temporal proximity, without a showing of knowledge, cannot establish causation.

Second, even if a close temporal proximity did establish causation as a rule, it is not present here. Though we take as true Ladner's claim that the first instance of fecal messes she noticed began shortly after Harry's meeting with management, the evidence shows that was not the first instance of messes. Ladner does not deny Walmart's evidence that the messes began before Ladner even started working there nor that they continued after she departed. Even if they increased in magnitude and frequency after managements' meeting with Harry, that shows that the fact of the messes overall lacks the close temporal proximity needed to establish causation.

Because Ladner cannot establish the causation element of the *prima facie* case, the summary judgment is AFFIRMED.[5]

---

[5] Because the lack of causation is sufficient to affirm, we decline to address whether the harassment constitutes an adverse employment action or whether Walmart's failure to discuss the controlling caselaw on that element in the district court constitutes waiver.